## SAMUEL L. FORGAY *v.* J. L. LEWIS Sheriff.

Where the clerk of the court, under the act of 26th of March 1842, takes security for his cost only, the sheriff cannot recover his costs from the security; but if the clerk has made a memorandum on his docket that the surety is for costs, the memorandum may have misled the sheriff, the clerk is responsible to him for the costs.

APPEAL from the Fifth District Court of New Orleans, *Buchanan* J. *E. T. Parker* and *W. H. Hunt*, for plaintiff. *Grymes*, for defendant. *Warfield*, for warrantor. The judgment of the court was pronounced by

EUSTIS, C. J. Under the 12th section of the act of March 26th, 1842, (*vide* laws of 1842, p 442,) an execution was issued against *Samuel L. Forgay*, for the sum of $348 50, being the fees of office due to the sheriff of the parish of Orleans, in the case of *M. Payne*, a free man of color, against *William M. Lambeth*, in which suit the execution states *Samuel L. Forgay* was security.

The act of March 20th, 1839, provides that whenever a plaintiff in a cause shall be unknown to the clerk or shall not offer, in the opinion of the clerk, sufficient guarantee for the payment of the costs, the clerk shall have the right to require security to cover the probable amount of costs, inclusive of sheriffs fees.

FORGAY
v.
LEWIS.

The responsibility of *Forgay* rests exclusively upon his obligation taken by the clerk under this act. . It is in those words: *Marcellus Payne*, f. m. c. v. *Wm. M. Lambeth*, Fifth District Court. I am security to the clerk of the Fifth District Court for his fees in this case. October 24, 1849. *Samuel L. Forgay.*

It appears to us as plain as words can make it that *Forgay* did not bind himself as security for the sheriffs fees, and that no execution could be issued against him for their amount.

*Forgay* enjoined the execution. He might have had it quashed on his simple motion. We think the judge erred in dissolving the injunction; and the judgment to that effect is erroneous.

With the proceedings in this suit has been cumulated a claim of the sheriff against the clerk for the amount of his fees, for which it has been contended that the clerk was bound to take security. The clerk had made upon his general docket a memorandum in this suit of *Payne* v. *Lambeth*, that *Samuel L. Forgay* was security for costs. Our impression certainly is that the clerk would be bound to the sheriff for these costs, because the memorandum may have misled the sheriff. But the judge not having considered this clause, and it being presented in an irregular and unsatisfactory manner, we decline acting on it.

The judgment of the district court is therefore reversed; and it is decreed, that the sheriff be enjoined from exacting payment of his fees in said case from the plaintiff; and it is further decreed, that the petition and call in warranty of the defendant be dismissed at his costs, and that he pay costs in both courts; reserving the rights of the defendant against *P. LeBlanc* by an ordinary action.